that the ice company, and not the railway company, was responsible for the collision between their wagon and the car in which plaintiff was a passenger when he received his injuries. Judgment affirmed, with costs.

JENNINGS, Respondent, v. SUPREME COUNCIL OF LOYAL ADDITIONAL BENEFIT ASS'N, Appellant. (Supreme Court, Appellate Division, First Department. November 10, 1905.) Action by Mary W. Jennings against the Supreme Council of the Loyal Additional Benefit Association. U. W. Tompkins, for appellant. C. M. Demond, for respondent. No opinion. Judgment and order affirmed, with costs. See 81 N. Y. Supp. 90.

JILLSON, Respondent, v. LIVINGSTON, Appellant. (Supreme Court, Appellate Division, Third Department. September 26, 1905.) Action by Clara E. Jillson against Johnston Livingston, as president of the National Express Company.

PER CURIAM. Judgment and order affirmed, with costs.

CHESTER, J., dissents, on the ground that the verdict is against the weight of evidence and is excessive.

JOHNSON, Respondent, v. RITER–CONLEY MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1905.) Action by William L. Johnson against the Riter-Conley Manufacturing Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

JOHNSTON v. MUTUAL RESERVE LIFE INS. CO. LAMBERT v. SAME. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Actions by Henry P. C. Johnston and by Robert C. Lambert against the Mutual Reserve Life Insurance Company. No opinion. See memorandum.

JONES v. FUCHS et al. (Supreme Court, Appellate Division, Second Department. June 23, 1905.) Action by William G. Jones against Frederick Waldemar Fuchs and others. Alexander Henry Davis, respondent. No opinion. Motion denied.

JUNGMAN v. PARKER. (Supreme Court, Appellate Division, First Department. November 10, 1905.) Action by Charles Jungman against Andrew D. Parker. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

J. W. MATTHEWS & CO., Respondent, v. EMPLOYERS' LIABILITY ASSUR. CORP., Limited, Appellant. (Supreme Court, Appellate Division, Second Department. October 12, 1905.) Action by J. W. Matthews & Co. against the Employers' Liability Assurance Corporation, Limited. No opinion. Order modified, so as to require the sum of $50, instead of $10, to be paid as a condition for opening the default, and, as thus modified, affirmed, with $10 costs and disbursements of this appeal to the appellant.

KAMINSKI, Appellant, v. LEHIGH VALLEY R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 22, 1905.) Action by Lenora Kaminski, as administratrix, etc., against the Lehigh Valley Railroad Company. No opinion. Judgment and order affirmed, with costs.

KANNOFSKY, Appellant, v. LEONARD, Respondent. (Supreme Court, Appellate Division, Second Department. July 27, 1905.) Action by Henry G. Kannofsky against John J. Leonard. No opinion. Judgment of the Municipal Court affirmed, with costs.

KARLSBERG, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. November 10, 1905.) Action by William Karlsberg as administrator, against the Metropolitan Street Railway Company. B. H. Ames, for appellant. A. I. Elkus, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including interest and costs, to the sum of $2,504.37, in which event judgment, as so reduced, and order appealed from, are affirmed, without costs.

KAY, Respondent, v. MONROE, Com'r, et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 24, 1905.) Appeal from Special Term, Kings County. Action by Joseph W. Kay against Robert G. Monroe, as commissioner of water supply and electricity of the city of New York, and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed. James D. Bell and Frederick St. John (Augustin Ledwith, on the brief), for appellants. Walter Thorn, for respondents.

JENKS, J. I am of opinion that our decision upon the appeal from the order granting the plaintiff's motion for an injunction pendente lite determines this appeal from the judgment. In the opinion written for the court by Hirschberg, P. J., 93 App. Div. 484, 87 N. Y. Supp. 831, the conclusion was reached that the papers before the court at Special Term tended to establish that the commissioner so limited the bids for the larger number of meters as practically to exclude competition. The same "papers" were read in evidence at the trial, and were supplemented only by testimony which the plaintiff offered to show that the meters called for in the bids were patented articles, while the defendant offered no evidence. I may add that I fail to find proof of compliance with the requirement of section 1554 of the Greater New York Charter (Laws 1901, p. 642, c. 466) that conditions to secure fair and reasonable opportunity for competition "must be" prescribed by the board of estimate and apportionment. The learned counsel for the corporation writes in his points that such proof is found in Exhibit D. But, unless I mistake it, that is but an affidavit in which the affiant deposes that he is the secretary of the board of estimate and apportionment, and as such has in his custody certain records of the transactions of the former